JAMES OSBORNE and Others, Respondents, v. THE JERSEY CITY AND ALBANY RAILWAY COMPANY and Others, Appellants.

*Highway — right of a railroad company to construct its road across it — 1850, chap. 140, sec. 28, sub. 5, as amended by chapter 582 of 1864.*

Under subdivision 5 of section 28 of chapter 140 of 1850, as amended by chapter 582 of 1864, a railroad company has no right to construct its road upon the surface of a highway — either across or along it — without first obtaining an order of the Supreme Court authorizing it so to do, made upon notice to the highway commissioners.   (Per Cullen, J.)

A railroad company cannot construct its road across a highway where by so doing the usefulness of the highway will be not only diminished, but virtually destroyed.   (Per Dykman, J.)

Appeal by the defendants from an order made at a Special Term continuing a temporary injunction restraining the defendants from " constructing a grade crossing " over the highway in the village of Haverstraw known as the Short Clove Road.

The temporary injunction was granted on the application of the plaintiffs, as commissioners of highways, in a suit brought to enjoin the defendants perpetually from making such grade crossing.   The grounds of the injunction are, that no consent of the commissioners of highways, nor permission of this court, has been obtained to the making of such crossing; and that it will be impracticable to restore the highway to any reasonable state of usefulness if the crossing is made.

*Ashbel Green* and *Howard Mansfield*, for the appellants.

*George W. Weiant*, for the respondents.

Cullen, J.:

The defendants were enjoined from constructing their railroad crossing upon the surface of a highway in Rockland county.   They had obtained neither the consent of the plaintiffs for such crossing nor an order from the Supreme Court authorizing the same.

By subdivision 5 of section 28 of the general railroad act of

1850, every company is authorized to construct its road "across, along or upon any stream of water, water-course, street, highway, plank-road, turnpike or canal which the route for its road shall intersect or touch, but the company shall restore the stream or water-course, street or highway, plank-road and turnpike thus intersected or touched to its former state, or to such state as not necessarily to have impaired its usefulness." This section was amended in 1864 so that nothing therein should be construed to authorize any such railroad company to construct its road "upon and along" any highway without an order of the Supreme Court authorizing the same on notice to the highway commissioners.

The question presented by the appeal is whether such consent is necessary where the road runs across a highway. The defendant contends that the requirements of the amendment of 1864 are limited to cases where the road is to be constructed longitudinally upon the highway; in other words, where for some distance the company shall adopt the route of the highway as the route of the railroad. We cannot assent to this construction; it gives too narrow a significance to the wording of the law.

Upon this construction, if the railroad crossed the highroad at such an acute angle that the crossing might occupy hundreds of feet, the statute of 1864 would be inapplicable, and nothing short of absolute identity of location of the highway and the railroad, would require the statutory permission. If this be not so, where is the line to be drawn? At what angle does the crossing cease to be "across" and become "along and upon" the highway? We think that wherever the railroad is constructed upon the surface of the highway, it is "along and upon" so much of the highway as is occupied by it.

To construct any grade crossing upon the highway, either the consent of the commissioners or an order of the Supreme Court, must first be obtained. The defendants urge that the crossing enjoined was not a part of the permanent structure of a road-bed, but simply temporary, to be used for convenience in constructing their road, and that hence, the injunction was improper. If this fact be so, then the defendant's structure was wholly illegal, as there is no authority to be found in law for the occupation of the highway, save by the permanent road-bed of a railroad.

The order appealed from should be affirmed, with costs.

DYKMAN, J.:

The defendant desires to construct a railroad across a highway in the town of Haverstraw, and an injunction was sued out to prevent such crossing at the same level for the reason that it would be impracticable to restore the highway to any reasonable state of usefulness. From that order we have this appeal.

The highway in question is called the Short Clove road and is the thoroughfare from the interior of the county to the village of Haverstraw. It runs aslant a precipitous mountain, which faces and slopes to the east and north. The railroad comes in lower down and is to cross the highway at an acute angle where the grade is heavy, five feet above the present surface of the traveled road, so that it would become necessary to raise the road-bed at that point to a level with the rail track about five feet. This would leave a very dangerous place where disasters must result with great frequency, and the public should not be subjected to this evil if we can administer a remedy.

Railroad corporations have power under the statute to construct their road across, along or upon any highway which the route of its road shall intersect, but the company must restore the highway thus intersected to its former state, or to such state as not unnecessarily to impair its usefulness; but this statute is so qualified that no railroad company can construct its road upon and along any highway without the order of the Supreme Court. So that while a railroad may be constructed across a highway without the permission of the court, it cannot, without such leave, be constructed upon and along the same. Here no permission was obtained, because the effort is to cross the highway under a claim of authority to locate the railroad and restore the public road afterwards. Ordinarily it is doubtless the right of a railroad company to locate its road and carry the same across highways and water streams in its own way, subject to the obligations imposed by the statute to restore the same to usefulness. But there are exceptions to all rules, and while the statute seems to contemplate diminution of usefulness to highways by railroad crossings, it does not yet aim at their destruction or at their being rendered dangerous or impassable. The public have rights in their highways, and they must receive respect and not disregard. The usefulness of roads may be impaired, but if there

comes a case where restoration to usefulness is not practicable then such interference should be arrested by the courts.

In our view a case of that character is now presented. The rail road is laid across the highway on the side of a mountain five or six feet above the road level. To raise such level to the railroad grade will necessitate a retaining wall on the lower side of great height, and such a descent from the rail track as to be well nigh impassible. Instead of working a simple diminution of the usefulness of the highway it renders the same exceedingly dangerous. The usefulness of the highway is substantially destroyed. It was not the intention of the legislature to bestow such power on railroad corporations.

From such facts as we can gather from the complaint and affidavits this seems to be a case where the railroad should be carried over the highway, but we do not control that now. On the trial of the action the proper relief will be administered, but in the meantime the defendant should be restrained from its present intended action.

The order should be affirmed, with costs and disbursements.

Present — DYKMAN and CULLEN, JJ.; BARNARD, P. J., not sitting.

Order continuing injunction affirmed, with costs and disbursements.